IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Janet Jamison<br><br>    Plaintiff,<br><br>v.<br><br>Utah Anti-Discrimination and Labor Division et al.,<br><br>    Defendants. | **REPORT AND RECOMMENDATION**<br><br>Civil No. 2:06 cv 763 TC<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff, Janet Jamison *pro se*, has filed a civil rights complaint against the Utah Anti-Discrimination and Labor Division (UADL), Sherrie Hayashi who is the Director of UADL, and Stephanie Carrillo who is an investigator at UADL.[1]  The court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[2]  Because Jamison was granted permission to proceed *in forma pauperis*, the provisions of the *in forma pauperis* statue, 28 U.S.C. § 1915, are applicable.  Under § 1915 the court shall at any time, *sua sponte*, dismiss the case if the court determines that a complaint is frivolous or fails to state a claim upon which relief may be granted.[3]  A claim may be considered frivolous if it "lacks an arguable basis either in law or in fact."[4]  After considering Plaintiff's Complaint liberally,[5] the court finds it is

---

[1] Docket no. 3.
[2] Docket no. 2.
[3] *See* 28 U.S.C. § 1915(e)(2).
[4] *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989).
[5] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972).

frivolous and lacking in merit.  Accordingly, the court RECOMMENDS that Plaintiff's Complaint be DISMISSED.

In her complaint, Jamison alleges that in 1988 she was "attached to a communications system without [her] consent"[6] while working as a Systems Programmer for Allstate Insurance.  This alleged experiment went awry at some point as now according to Jamison, the communications system "allows those that are given access: to read and control my thoughts, to control my actions and behavior, to view and control what my eyes focus on and to control my bodily functions."[7]  Jamison contends that a number of individuals including past relatives, friends, and personal associates have access to this system.  Plaintiff avers that she is being held involuntarily on the communications system and is "subjected to reverse discrimination"[8]  Essentially, every environment Plaintiff encounters during her life is a stage and she suffers discrimination in each of these "stages" while being involuntarily held on the communications system.[9]

In the instant Complaint Plaintiff alleges two counts.  Count I alleges that Stephanie Carrillo's investigation regarding Plaintiff's discrimination complaint against the West Valley City Housing Authority (WVCHA) was not in good faith, was incomplete, and was "an indirect attempt on Stephanie Carillo's behalf to cover the harassment I am being subjected to while involuntarily held on this system."[10]  Count II alleges that Sherrie Hayashi was negligent in denying Plaintiff's request for reconsideration of her discrimination complaint against the

---

[6] Compl. p. 3.
[7] *Id.*
[8] *Id.* p. 4.
[9] *See id.* p. 5.
[10] *Id.* p. 6.

2

WVCHA.  According to Plaintiff, her Fifth Amendment Right to Due Process was violated and she has suffered "[p]rolonged suffering while [being] involuntarily held on [the] system."[11]

The court construes Plaintiff's Complaint liberally and holds her submissions to a less stringent standard than that for formal pleadings drafted by lawyers because she is proceeding *pro se*.[12]  But, Plaintiff must still allege sufficient facts on which a recognized legal claim could be based.[13]  Here, the court finds Plaintiff fails to meet this minimal threshold.  The court further finds that as alleged, Plaintiff's Complaint "rise[s] to the level of the irrational or the wholly incredible."[14]  Thus, it is appropriate to dismiss Plaintiff's Complaint as factually frivolous.[15]  It is apparent from the record that Plaintiff is suffering from some type of psychological problem, and the court is sympathetic to Plaintiff's unfortunate circumstances.  The court, however, is bound by statue to dismiss a case if it determines that it is frivolous.[16]

Accordingly, based on the foregoing, the court RECOMMENDS that Plaintiff's Complaint be DISMISSED.

---

[11] *Id.* p. 12.
[12] *Hall*, 935 F.2d at 1110.
[13] *See id.*
[14] *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728 (1992).
[15] *See id.*
[16] *See* 28 U.S.C. § 1915(e)(2).

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute a waiver of objection upon subsequent review.

DATED this 3rd day of October, 2006.

/s/ Brooke C. Wells
Brooke C. Wells
United States Magistrate Judge

4